945 A.2d 116

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT v. BRANDON
KRAUSE, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted December 4, 2007—Resubmitted
April 8, 2008—Decided April 17, 2008.

Before Judges COBURN, FUENTES and GRALL.

*Thorp & Thorp*, attorneys for appellant (*Thomas K. Thorp*, on the brief).

*Kenneth C. Krause*, attorney for respondent.

The opinion of the court was delivered by

COBURN, P.J.A.D.

Defendant, Brandon Krause, was convicted and fined in the Hackettstown Municipal Court for violating the town's noise ordinance. He appealed to the Law Division, which reversed on the ground that the noise ordinance was preempted by a state statute and administrative regulations to the extent that it regulated noise emanating from a commercial entity. The Town of Hackettstown appeals [1], and we reverse the Law Division judgment. The only

---

[1] Since the Law Division's determination was unrelated to factual guilt or innocence, our resolution of this appeal does not violate the double jeopardy

issue on appeal is whether Hackettstown's ordinance was preempted by the State's laws or regulations.

The facts are not in dispute. Krause operated a roller skating rink in Hackettstown. On May 26, 2006, around 8:15 p.m., Michael DeMeo, who lived in a house located more than 100 feet from the rink, heard music emanating from the rink while in his bedroom. He called Krause and asked him to turn the music down. Krause refused because the skaters liked loud music.

Since we are concerned solely with a question of law, the trial court's legal conclusion is not entitled to any special deference. *State v. Drury,* 190 *N.J.* 197, 209, 919 *A.*2d 813 (2007); *Manalapan Realty, L.P. v. Twp. Comm. of the Twp. of Manalapan,* 140 *N.J.* 366, 378, 658 *A.*2d 1230 (1995).

■ Hackettstown's ordinance prohibits the making of "any loud, unnecessary or unusual noise or any noise which does or is likely to annoy, disturb, injure or endanger the comfort, repose, health, peace or safety of others." Hackettstown, N.J. Ordinances, ch. 9, art. 8, § 9–70. Section 9–71 of the ordinance, entitled "Definition of Noise," provides, in pertinent part, as follows:

> Without intending to limit the generality of subsection 9–70, the following acts are hereby declared to be examples of loud, disturbing and unnecessary noise in violation of this section:
>
> a. <u>Radios</u>; <u>Televisions</u>; <u>Phonographs</u>. The playing, use or operation of any radio receiving set, television, musical instrument, phonograph or <u>other machine or device</u> for the producing reproducing of sound in such a manner as to disturb the peace, quiet and comfort of neighboring inhabitants ... <u>The operation of such a ... machine or device so that it is clearly audible at a distance of one hundred (100') from the building ... in which it is located shall be prima facie evidence of a violation of this section.</u>
>
> [Emphasis added.]

---

clauses contained in either the State Constitution or the United States Constitution. *State v. Barnes,* 84 *N.J.* 362, 371, 420 *A.*2d 303 (1980).

At issue in this case is the validity of the underlined 100 foot rule.[2]

The Legislature has authorized municipalities "to prevent disturbing noises." *N.J.S.A.* 40:48–1. That general authorization was further refined in the Noise Control Act of 1971 (the "NCA"). *N.J.S.A.* 13:1G–1 to–23. The NCA specifically addresses the issue of preemption:

> No existing civil or criminal remedy now or hereafter available to any person shall be superseded by this act or any code, rules regulations or orders promulgated pursuant thereto.
>
> No ordinances ... of any governing body of a municipality ... which establish specific standards for the level or duration of community noise *more stringent* than this act or any ... regulations ... promulgated pursuant thereto shall be superseded. Nothing in this act or in ... any regulations ... promulgated pursuant thereto shall preclude the right of any governing body of any municipality ..., subject to the approval of the department, to adopt ordinances ... which establish specific standards for the level or duration or community noise more stringent than this act or any ... regulations promulgated pursuant thereto.
>
> [*N.J.S.A.* 13:1G–21 (emphasis added).]

The pertinent regulation adopted pursuant to the NCA is *N.J.A.C.* 7:29–1.2(a), which provides, in pertinent part, as follows:

> No person shall cause, suffer, allow, or permit sound from any industrial, *commercial*, public service or community service facility that, when measured at any *residential* property line of any affected person, is in excess of any of the following:
>
> 1. From 7:00 A.M. to 10:00 P.M.:
>    i. Continuous airborne sound which has a sound level in excess of 65 dBA; or
>    ....
> 2. From 10:00 P.M. to 7:00 A.M.:
>    i. Continuous sound which has a sound level in excess of 50 dBA
>    ....

This regulation defines "dBA" as a "unit of the sound level as measured by a sound level meter...." *N.J.A.C.* 7:29–1.1.

When reviewing a municipal ordinance, we must begin with the presumption that the ordinance is valid and reasonable. *First Peoples Bank of N.J. v. Twp. of Medford,* 126 *N.J.* 413, 418, 599

---

[2] In *State v. Clarksburg Inn,* 375 *N.J.Super.* 624, 868 *A.2d* 1120 (App.Div.2005), we sustained a virtually identical noise ordinance, rejecting defendant's claim that it was unconstitutionally vague.

*A.*2d 1248 (1991) (citation omitted). Anyone challenging an ordinance has the burden of demonstrating its invalidity. *Ibid.* (citation omitted).

Preemption is a "judicially created principle based on the proposition that a municipality, which is an agent of the State, cannot act contrary to the State." *Overlook Terrace Mgmt. Corp. v. Rent Control Bd. of the Town of West New York,* 71 *N.J.* 451, 461, 366 *A.*2d 321 (1976) (citation omitted). In deciding whether preemption applies, we are obliged to take these considerations into account: (1) whether the ordinance conflicts with state law by prohibiting what the Legislature permits or by permitting what the Legislature prohibits; (2) whether the state law was expressly or impliedly intended to entirely govern the issue; (3) whether a uniform policy is needed; (4) whether the state enactment is so pervasive or comprehensive that a coexistent municipal regulation would be improper; and (5) whether the ordinance interferes with the Legislature's objectives. *Id.* at 461–62, 366 *A.*2d 321.

None of those considerations supports the partial invalidation of Hackettstown's ordinance with respect to noise generated from commercial facilities. The state law clearly contemplates and, indeed, expressly authorizes municipal ordinances regulating noise. The only noted limitations on municipal regulation of noise are that: (1) the local ordinance must be "more stringent" than any regulations issued under the NCA, *N.J.S.A.* 13:1G–21; and (2) the ordinance must be submitted for approval to the Department of Environmental Protection ("DEP").

Defendant failed to present evidence in the municipal court or in the Law Division indicating that Hackettstown's ordinance was not more stringent than the pertinent regulation, *N.J.A.C.* 7:29–1.2(a), or that the ordinance had not been approved by the DEP. Since the latter point was not raised below and does not involve jurisdiction or substantially implicate a public interest, we will not consider it. *State v. Arthur,* 184 *N.J.* 307, 327, 877 *A.*2d 1183 (2005). Given the applicable presumption of validity and defendant's fail-

ure to submit evidence of invalidity, he should not have prevailed in the Law Division.[3]

Judgment of the Law Division reversed and conviction reinstated.

---

[3] This opinion should not be understood as meaning that a sufficient defense necessarily would be established by showing that the ordinance was less stringent than the cited regulation. We were able to decide this case by applying the language of the statute literally. But one could argue that read properly, with the object of the Legislature in mind, this statute would also permit application to commercial entities of local noise regulations that were less stringent than those provided by the regulation. Since the commercial entities would still be subject to prosecution under state law, there would seem to be no reason for not allowing a municipality to prosecute under a less stringent municipal standard. Also, the determination of whether a municipal ordinance is more or less stringent than the NCA may require a determination by the DEP. Consequently, a local noise ordinance may be unenforceable against commercial entities unless the ordinance has received DEP approval.

